Electronically Filed
5/3/2017 9:29 AM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
RYAN M. ANDERSON, ESQ.
Nevada Bar No.: 11040
KIMBELL JONES, ESQ.
Nevada Bar No.: 12982
**MORRIS//ANDERSON**
716 S. Jones Blvd.
Las Vegas, Nevada 89107
Phone: (702) 333-1111
Email: kimball@MorrisAndersonLaw.com
*Attorneys for Plaintiff*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| VIZALIEL YUMOL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MV TRANSPORTATION, INC., a foreign corporation, KEOLIS TRANSIT SERVICES, LLC, a foreign limited-liability company, DOE DRIVERS I-V, ROE EMPLOYERS I-V, DOE OWNERS I-V, ROE BUS COMPANY I-V, ROE TRANSPORTATION COMPANY I-V, and ROE CORPORATIONS I-V, inclusive, jointly and severally,<br><br>Defendants. | CASE NO:   A-17-754800-C<br>DEPT. NO:   I<br><br>**FIRST AMENDED COMPLAINT** |

COMES NOW Plaintiff, VIZALIEL YUMOL, by and through his counsel, RYAN M. ANDERSON ESQ., and KIMBALL JONES, ESQ., with the law offices of **MORRIS//ANDERSON**, and for his cause of action against the Defendants, and each of them, alleges as follows:

1. That Plaintiff, VIZALIEL YUMOL (hereinafter referred to as "Plaintiff"), was at all times relevant to this action a resident of Clark County, Nevada.

2. Upon information and belief, that at all times relevant to this action, the Defendant, MV TRANSPORTATION, INC., a foreign corporation (hereinafter referred to as "Defendant MV"), and/or DOE OWNERS I-V, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V,

and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, were doing business in the State of Nevada and owned and/or operated the subject bus in this matter.

3. Upon information and belief, that at all times relevant to this action, the Defendant, KEOLIS TRANSIT SERVICES, LLC, a foreign limited-liability company (hereinafter referred to as "Defendant KEOLIS"), and/or DOE OWNERS I-V, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, were doing business in the State of Nevada and owned and/or operated the subject bus in this matter.

4. Upon information and belief, at all times mentioned herein, Defendant, DOE DRIVERS I-V were the drivers of the subject bus owned and/or operated by Defendants, MV and KEOLIS, and/or DOE OWNERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and was acting in the course and scope of his/her employment with Defendants, MV and KEOLIS, and/or DOE OWNERS I-V, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, at the time of the events described herein.

5. At all times relevant to this action, Defendants, MV and KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, were an entity doing business in the State of Nevada and were directing the course and scope of the actions of Defendant, DOE DRIVERS I-V, at the time of the incident herein described.

6. At all times relevant to this action, Defendants, MV and KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, were employing Defendant, DOE DRIVERS I-V, and

1  Defendant, DOE DRIVERS I-V were acting in the course and scope of said employment at all times relevant to the incident described herein.

7. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V and ROES I through V, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believe and thereon allege that each of the Defendants designated herein as DOE and ROE are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V and ROES I through V, when the same have been ascertained, and to join such Defendants in this action.

**FIRST CAUSE OF ACTION**
**(Negligence as to All Defendants)**

8. Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 7, hereinabove, as though completely set forth herein.

9. That upon information and belief, at all times relevant to this action, Defendants, MV and KEOLIS, and/or DOE OWNERS I-V, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants, were the owners and operators of the subject bus involved in the incident that occurred on May 7, 2015.

10. On or about May 7, 2015, DEFENDANT DOE DRIVERS I-V, were operating Defendants' bus, in Las Vegas, Clark County, Nevada.

11. At that place and time, Plaintiff was walking to sit down into a seat contained inside Defendants' bus, when Defendants' bus jerked and/or stopped abruptly, causing Plaintiff to be violently thrown down onto the floor inside of Defendants' bus.

12. At that place and time, Defendant, DOE DRIVERS I-V, negligently, recklessly, and carelessly caused Plaintiff bodily harm.

13. At the time of the accident herein complained of, and immediately prior thereto, Defendants, and each of them, in breaching a duty owed to Plaintiff, were negligent and careless, inter alia, in the following particulars:

   A. In failing to keep Defendants' bus under proper control;

   B. In operating Defendants' bus without due caution for the rights of the Plaintiff;

   C. In failing to use due care in Defendants' operation of Defendants' bus;

   D. Failure to provide a safe premise for Plaintiff;

   E. Failure to warn Plaintiff of the dangerous and hazardous condition then and there existing in Defendants' bus;

   F. Respondeat superior;

   G. The Defendants, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances, and Plaintiff will pray leave of Court to insert the exact citations at the time of trial; and

   H. The Defendants, and each of them, had, or should have had, acknowledged or noticed the existence of the said dangerous condition which existed on Defendants' bus.

14. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of Defendant, and each of them, Plaintiff, suffered physical injury and was otherwise injured in and about Plaintiff's neck, back, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to Plaintiff's damage in an amount in excess of $10,000.00.

15. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, and each of them, Plaintiff has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

16. Prior to the injuries complained of herein, Plaintiff was an able-bodied male, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was otherwise suited.  By reason of the premises, and as a direct and proximate result of the negligence of the said Defendants, and each of them, Plaintiff was caused to be disabled and limited and restricted in Plaintiff's occupations and activities, which caused Plaintiff a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to Plaintiff's damage in a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

17. Plaintiff has been required to retain the law firm of **MORRIS//ANDERSON** to prosecute this action, and is entitled to recover Plaintiff's attorney's fees, case costs and prejudgment interest.

**SECOND CAUSE OF ACTION**
**(Respondeat Superior, Negligent Entrustment, Hiring, Training, and Supervision as to Defendant, MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V,)**

18. Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 17, hereinabove, as though completely set forth herein.

19. Defendant, MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the

Defendants, had a duty to properly hire, train, and supervise all employees to ensure that the property mentioned hereinabove remained in a reasonably safe condition.

20. That at all times pertinent hereto, Defendant, MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants, breached its above-referenced duties by failing to properly hire, train and/or supervise Defendant, DOE DRIVERS I-V, in each of his/her duties and actions as DRIVER for Defendant, MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants.

21. That at the time of the subject incident herein complained of, and immediately prior thereto, Defendant DOE DRIVERS I-V, and each of them, were acting and conducting themselves as an employee, agent, manager, representative and/or permissive driver of Defendant, MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and therefore, DEFENDANT MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, are responsible and liable for all Plaintiff's damages caused by Defendant, DOE DRIVERS I-V.

22. That at all times alleged herein, Defendant MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of them, were negligent in failing to adequately hire, train, supervise and retain its employee, agent and/or representative, which resulted in Plaintiff's damages as hereinafter set forth.

/ / /

23. In addition, as the employer of Defendant, DOE DRIVERS I-V, Defendant, MV, and/or ROE EMPLOYERS I-V, and/or ROE CORPORATIONS I-V, and each of them, are vicariously liable for all damage caused by Defendant DOE DRIVERS I-V, as said Defendants, were acting within the course and scope of each of his/her employment with Defendant DOE DRIVERS I-V, Defendant MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants, at the time of the subject incident described herein.

24. As a direct and proximate result of the aforesaid negligence and carelessness of the above-referenced Defendants, and each of them, Plaintiff suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to her damage in an amount in excess of $10,000.00.

25. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of the Defendants, Plaintiff has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

26. Prior to the injuries complained of herein, Plaintiff was an able-bodied person, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was otherwise suited.  By reason of the accident referenced above, and as a direct and proximate result of the negligence of Defendants, and each of the them, Plaintiff was caused to be disabled and limited and restricted in their occupations and activities, which caused Plaintiff a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiff's earning capacity and

future loss of wages, all to a damage of a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to incorporate herein when the same shall be fully determined.

27. Plaintiff has been required to retain MORRIS//ANDERSON to prosecute this action, and is entitled to recover a reasonable attorney's fee, his litigation costs, and prejudgment interest.

## THIRD CAUSE OF ACTION
**(Respondeat Superior, Negligent Entrustment, Hiring, Training, and Supervision as to Defendant, KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V,)**

28. Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 27, hereinabove, as though completely set forth herein.

29. Defendant, KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants, had a duty to properly hire, train, and supervise all employees to ensure that the property mentioned hereinabove remained in a reasonably safe condition.

30. That at all times pertinent hereto, Defendant, KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants, breached its above-referenced duties by failing to properly hire, train and/or supervise Defendant, DOE DRIVERS I-V, in each of his/her duties and actions as DRIVER for Defendant, KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants.

31. That at the time of the subject incident herein complained of, and immediately prior thereto, Defendant DOE DRIVERS I-V, and each of them, were acting and conducting themselves as an employee, agent, manager, representative and/or permissive driver of Defendant, KEOLIS, and/or

ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and therefore, DEFENDANT MV, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, are responsible and liable for all Plaintiff's damages caused by Defendant, DOE DRIVERS I-V.

32. That at all times alleged herein, Defendant KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of them, were negligent in failing to adequately hire, train, supervise and retain its employee, agent and/or representative, which resulted in Plaintiff's damages as hereinafter set forth.

33. In addition, as the employer of Defendant, DOE DRIVERS I-V, Defendant, KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE CORPORATIONS I-V, and each of them, are vicariously liable for all damage caused by Defendant DOE DRIVERS I-V, as said Defendants, were acting within the course and scope of each of his/her employment with Defendant DOE DRIVERS I-V, Defendant KEOLIS, and/or ROE EMPLOYERS I-V, and/or ROE BUS COMPANY I-V, and/or ROE TRANSPORTATION COMPANY I-V, and/or ROE CORPORATIONS I-V, and each of the Defendants, at the time of the subject incident described herein.

34. As a direct and proximate result of the aforesaid negligence and carelessness of the above-referenced Defendants, and each of them, Plaintiff suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to her damage in an amount in excess of $10,000.00.

35. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of the Defendants, Plaintiff has been caused to expend monies for medical and miscellaneous

expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

36. Prior to the injuries complained of herein, Plaintiff was an able-bodied person, capable of being gainfully employed and capable of engaging in all other activities for which Plaintiff was otherwise suited. By reason of the accident referenced above, and as a direct and proximate result of the negligence of Defendants, and each of the them, Plaintiff was caused to be disabled and limited and restricted in their occupations and activities, which caused Plaintiff a loss of wages in an unascertainable amount as of this time, and/or diminution of Plaintiff's earning capacity and future loss of wages, all to a damage of a sum not yet presently ascertainable, the allegations of which Plaintiff prays leave of Court to incorporate herein when the same shall be fully determined.

37. Plaintiff has been required to retain MORRIS//ANDERSON to prosecute this action, and is entitled to recover a reasonable attorney's fee, his litigation costs, and prejudgment interest.

**FIRST CLAIM FOR RELIEF:**

1. General damages for Plaintiff in an amount in excess of $10,000.00;

2. Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. Costs of this suit;

5. Attorney's fees; and

6. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 3rd day of May, 2017.

                **MORRIS//ANDERSON**

                By: */s/ Kimball Jones*
                **RYAN M. ANDERSON, ESQ.**
                Nevada Bar No.: 11040
                **KIMBALL JONES, ESQ.**
                Nevada Bar No.: 12982
                716 S. Jones Blvd.
                Las Vegas, Nevada 89107
                *Attorneys for Plaintiff*